**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| FREDERICK DRILLING, LLC and CHRISTOPHER L. CULP | : | |

**DECLARATORY JUDGMENT COMPLAINT**
**PURSUANT TO 28 U.S.C. § 2201 *et seq.***
**AUTO-OWNERS INSURANCE COMPANY v. FREDERICK DRILLING, LLC and CHRISTOPHER L. CULP**

Auto-Owners Insurance Company, by and through its attorneys, McCormick & Priore, P.C., hereby files this Declaratory Judgment Complaint against Frederick Drilling, LLC, and Christopher L. Culp and in support thereof, Auto-Owners avers as follows:

**PARTIES**

1. Plaintiff, Auto-Owners Insurance Company (hereinafter, "Auto-Owners"), is a mutual insurance company organized under the laws of the State of Michigan. Auto-Owners is authorized to do business in the Commonwealth of Pennsylvania. Auto-Owners has a principal place of business in Michigan, located at 6101 Anacapri Blvd, Lansing, Michigan 48917-3999.

2. Defendant, Frederick Drilling, LLC (hereinafter, "Frederick Drilling"), is a limited liability company with a mailing address of 2078 Hobson Drive, Ford City, PA 16226.

3. Defendant, Christopher L. Culp (hereinafter, "Mr. Culp"), is a natural person with a mailing address of 2078 Hobson Drive, Ford City, PA 16226.

**JURISDICTION AND VENUE**

4. Jurisdiction in the United States District Court for the Western District of Pennsylvania is proper pursuant to *28 U.S.C. § 1332* because, upon information and belief,

complete diversity exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

5. Upon information and belief, Mr. Culp, a Pennsylvania resident, is the sole member of Frederick Drilling, LLC, such that Frederick Drilling, LLC, is only a resident of Pennsylvania.

6. Further, jurisdiction in the United States District Court for the Western District of Pennsylvania is proper pursuant to 28 U.S.C. § 2201 because this matter presents a case of actual controversy and seeks an order declaring the rights and determining questions of contract construction under an insurance policy that provides more than $75,000 in liability coverage that is the subject of the instant insurance coverage dispute herein.

7. Venue in the Western District of Pennsylvania is proper pursuant to *28 U.S.C. § 1391* because this controversy arises out of contractual terms within the commercial general liability (CGL) insurance policy issued in Pennsylvania by Auto-Owners that was delivered to Defendant Frederick Drilling at 2078 Hobson Drive, Ford City, PA 16226.

## FACTS

8. Upon information and belief, Barbara Spencer is the owner of property located at 809 Christina Court, Greenburg, PA 15601.

9. Upon information and belief, Defendant, Frederick Drilling, served as a contractor for the drilling for the placement of caissons at the property to secure the foundation for the construction of a home, including a garage and a main house, being built on a former strip mine.

10. Upon information and belief, Frederick Drilling performed its work in or around 2016, and construction of the home was completed in 2017.

11. In the year 2021, Ms. Spencer became aware of settlement issues occurring with the garage and main house, leading Ms. Spencer to sue Frederick Drilling for construction defects

associated with the 2016 drilling and Mr. Culp for the alleged undercapitalization of Frederick Drilling.

12. A true and correct copy of the operative Amended Complaint filed in *Barbara Spencer v. WH Midwest LLC, d/b/a Wayne Homes et al., Allegheny County Court of Common Pleas, Civil Division No. 23-009710* is attached hereto as Exhibit "A."

13. Among other things, Ms. Spencer alleges that there is separation and cracking of components of the home and sinking of the other parts of the home. *Id. at paragraphs 28-34.*

14. Ms. Spencer further claims that, despite a "contractual duty to drill in accordance with the plans provided to it", Frederick Drilling "did not follow the plans and did not drill the caissons/piers to the proper depth and into bedrock." *Id. at paragraphs 49-50*.

15. In the Amended Complaint, Ms. Spencer seeks damages against Frederick Drilling and Mr. Culp, seeking damages under a theory of breach of contract. *See id. at Count I.*

16. Ms. Spencer seeks an amount of damages in excess of $50,000. *Id. at Count I* ad damnum *clause*.

17. Ms. Spencer further avers that the costs to repair the construction defects "will likely cost into the six figures." *See Exhibit "A" at paragraph 42*.

18. As a result of Ms. Spencer's lawsuit filed in Allegheny County, Frederick Drilling made a claim for defense and indemnity under Auto-Owners Insurance Policy no. 182337-68026014-20, a commercial general liability policy Auto-Owners Insurance Company issued to "Frederick Drilling LLC" (the "Auto-Owners Policy").

19. A true and correct copy of Auto-Owners Insurance Policy no. 182337-68026014-20 (the "Auto-Owners Policy") is attached hereto as Exhibit "B."

20. The Auto-Owners Policy had a policy period of June 10, 2020, to June 10, 2021.

21. The Auto-Owners Policy includes form CG 00 01 04 13, which states as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

* * *

b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2) The "bodily injury" or "property damage" occurs during the policy period; and
(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

See Exhibit "B" at CG 00 01 04 13, page 1 of 14.

22. The Auto-Owners Policy defines the term "occurrence" as follows:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

23. Further, the Auto-Owners Policy contains the following exclusions:

**2. Exclusions**
This insurance does not apply to:
**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to damages

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract" . . .

* * *

**j. Damage to Property**

"Property damage" to:

* * *

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement. Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

* * *

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

* * *

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

See Exhibit "B" at CG 00 01 04 13, pages 2-5.

24. Further, the Auto-Owners Policy limits which persons are insureds, as follows:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

* * *

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your

managers.

CG 00 01 04 13, page 8 of 14.

25. Endorsement CG 22 94 10 01 further provides a "Damage To Your Work" exclusion, as follows:

> **2. Exclusions**
> This insurance does not apply to:
>
> **l. Damage To Your Work**
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

CG 22 94 10 01, page 1 of 1.

**COUNT I**
**NO COVERAGE FOR CLAIMS ASSERTED BY BARBARA SPENCER AGAINST DEFENDANTS, FREDERICK DRILLING, LLC, AND CHRISTOPHER CULP**

26. Auto-Owners hereby incorporates by reference the above paragraphs, *supra*, as though the same were fully set forth herein.

27. For the Auto-Owners policy to provide coverage to Frederick Drilling and derivatively to Mr. Culp, under the applicable coverages, the factual allegations underlying those claims must allege "property damage" caused by an "occurrence."

28. Further, the Auto-Owners policy only provides coverage to occurrences happening in the policy period.

29. Factual allegations of faulty workmanship do not constitute an "occurrence" under Pennsylvania law, even if asserted as negligence claims. *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Comm. Union Ins. Co.*, 908 A.2d 888 (Pa. 2006); *Specialty Surfaces Int'l v. Continental Cas. Co.*, 609 F.3d 223, 231 (3d. Cir. 2010) (noting that, under Pennsylvania law, "faulty workmanship, even when cast as a negligence claim, does not constitute an event; nor do natural and foreseeable events like rainfall.")

30. Here, the factual allegations in the Amended Complaint consist entirely of alleged construction defects, which do not constitute an "occurrence" and are otherwise barred by exclusions and limitations in the Auto-Owners Policy, including the "Damage to Your Work" and "Impaired Property" exclusion. *See Exhibit "B."*

31. Since the claims Ms. Spencer asserts against Frederick Drilling and Mr. Culp do not allege a covered "occurrence," Auto-Owners has no duty to defend or indemnify Frederick Drilling and Mr. Culp in connection with the faulty workmanship claims.

32. Further, if the claims are adjudged to be an "occurrence", the initial manifestation of the injury may have occurred after the termination of coverage on the Auto-Owners Policy.

33. Pursuant to *28 U.S.C. § 2201 et seq*., Auto-Owners is entitled to a judicial determination of its rights, duties, and obligations, if any, under the Auto-Owners Policy, and that Auto-Owners owes no coverage to Defendant pursuant to the Auto-Owners Policy.

**WHEREFORE**, Plaintiff, Auto-Owners Insurance Company, respectfully requests relief from this Court in the form of a declaration pursuant to *28 U.S.C. § 2201 et seq.,* that Auto-Owners has no obligation under the Auto-Owners Policy to provide defense and indemnity coverage for the events set forth in the Amended Complaint filed in *Barbara Spencer v. WH Midwest LLC, d/b/a Wayne Homes et al*., Allegheny County Court of Common Pleas, Civil Division No. 23-009710, and demands that judgment be entered in its favor and against Defendants, Frederick Drilling, LLC, and Christopher L. Culp, along with any other relief the Court deems just and proper.

## COUNT II
## NO COVERAGE FOR CLAIMS ASSERTED BY BARBARA SPENCER AGAINST DEFENDANT, CHRISTOPHER CULP, FOR PIERCING CORPORATE VEIL

34. Auto-Owners hereby incorporates by reference the above paragraphs, *supra*, as

though same were fully set forth herein.

35. The Auto-Owners Policy only protects members and managers of Frederick Drilling for conduct relating to the business of Frederick Drilling.

36. In the Amended Complaint, Ms. Spencer asserts that Mr. Culp is the "alter ego" of Frederick Drilling. *See Exhibit "A" at paragraph 5.*

37. Ms. Spencer further pleads that Mr. Culp improperly siphoned off assets of Frederick Drilling, commingled his own personal assets with those of Frederick Drilling, grossly undercapitalized Frederick Drilling, disregarded corporate formalities, and used the corporate form "to commit fraud, wrongdoing, or injustice." *Id*.

38. The pleaded allegations against Mr. Culp do not relate to Frederick Drilling's business or Mr. Culp's responsibilities as a manager but instead relate to Mr. Culp's own purported misuse of corporate forms.

39. The pleaded allegations against Mr. Culp likewise do not constitute an "occurrence" as they relate to the alleged intentional and fraudulent conduct of Mr. Culp and are not sufficiently fortuitous to constitute an "occurrence."

40. Consequently, there is no duty to defend or indemnify Mr. Culp for his alleged personal liability to Ms. Spencer.

**WHEREFORE**, Plaintiff, Auto-Owners Insurance Company, respectfully requests relief from this Court in the form of a declaration pursuant to *28 U.S.C. § 2201 et seq.,* that Auto-Owners has no obligation under the Auto-Owners Policy to provide defense and indemnity coverage for Defendant, Christopher L. Culp, for the events set forth in the Amended Complaint filed in *Barbara Spencer v. WH Midwest LLC, d/b/a Wayne Homes et al*., Allegheny County Court of Common Pleas, Civil Division No. 23-009710, and demands that judgment be entered in its favor

and against Defendant, Christopher L. Culp, along with any other relief the Court deems just and proper.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

By: /s/ Glen Shikunov

Glen Shikunov, Esquire
Christopher S. Regan, Esquire
Attorneys for Plaintiff,
Auto-Owners Insurance Company
Attorney ID #316728/#329071
2001 Market Street
Suite 3810
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580
GShikunov@mccormickpriore.com
CRegan@mccormickpriore.com

Date: October 5, 2026